LAMBELL (NALLY v.). See Case No. 10,006.

LAMBELL (UNITED STATES v.). See Case No. 15,553.

## Case No. 8,025.

### LAMBELL v. WASHINGTON.

[1 Hayw. & H. 25.][1]

Circuit Court, District of Columbia. March 24, 1841.

MUNICIPAL CORPORATIONS — CITY ORDINANCES — PROTECTION OF PUBLIC HEALTH—CLEANING AND PACKING FISH.

1. The corporation of Washington has power to designate the sites where fish may be cleaned and packed.

2. The corporation has power to purchase any land for the purpose of sites on which to clean and pack fish, and to prohibit the cleaning or packing fish in any other place or places, and to protect the public health.

3. The acts of the corporation of March 8, 1841 [Wash. Corp. Laws, p. 180], and March 18th, 1841 [Id. 182], are void at common law.

4. A court of equity will prevent a great or an irreparable injury, and will restrain the corporation from enforcing the penalties of an illegal by-law.

[This was a bill in equity by Killelum H. Lambell against the corporation of Washington and A. B. McClean to enjoin the execution of a by-law.]

Upon filing the bill of complaint an injunction was issued, enjoining and prohibiting the defendants from demanding or exacting any of the penalties mentioned in either of the said by-laws of the said corporation, or from suing for, or otherwise recov-

[1] [Reported by John A. Hayward, Esq., and George C. Hazleton, Esq.]

ering the said penalties, until further order of the court.

F. S. Key and Walter S. Jones, for petitioner.

Jos. H. Bradley and R. S. Coxe, for corporation.

F. S. Key, for complainant, submitted the following points and authorities: By-laws and ordinances of corporations, municipal and others, void as monopolies; good if they regulate trade as to prevent monopoly; void if they go to establish a monopoly. Willc. Mun. Corp. 141, §§ 332–334. As to restraint of trade and oppression of the citizen. Id. 144, 145, §§ 343–346. Bond given in corroboration of a void by-law equally void. Id. 146, § 349. One part void, the entire by-law is void; i. e. if the by-law be entire, each part having a general influence over the rest, all together being part and parcel of one system of vicious legislation. Id. 160, 161, §§ 384–388.

CRANCH, Chief Judge. The bill of plaintiff states, in substance, that he, in 1839, leased of Mudd and Murray, for four years, two wharves on the Potomac, called "Cana's Wharf" and "Brent's Wharf," which then, and ever since the year 1823, had been established by a by-law of the corporation of Washington of the 19th of March, 1823 [City Laws, p. 150], as fish docks, and used as such; that his motive in leasing those wharves was to carry on the business of purchasing, curing, and selling fish, and that he had carried on the said business there for several years, and had erected buildings, and at considerable expense prepared to continue the business during the approaching fishing season; that it is a place where the business may be carried on without being a nuisance to anybody; that on the 8th of March instant the corporation passed the by-law of that date authorizing the mayor to contract with A. B. McClean, giving him the exclusive privilege of using his wharf as a fish dock, for a certain compensation to be made by him in the transfer of certain real estate to the corporation, and prohibiting the sale of fish out of any vessel at any other site; that the corporation had no authority to grant such a monopoly; that the by-law was therefore void; that the corporation and McClean avow their determination to enforce the said by-law by exacting the fines and penalties, &c.; and prays injunction forbidding them to execute the contract, or, if executed, forbidding them to carry it into effect, and commanding them to bring it in to be cancelled and rescinded, or declared void, &c.; and that the plaintiff may be quieted in his possession and use of his wharves; and for general relief. The ordinance or by-law is avowedly for a monopoly, and all its provisions are calculated to enforce it and secure its benefit to McClean. The contract which it authorizes is clearly illegal and void at common law, and so are all its provisions for carrying it into effect. The whole by-law is void, the repealing clause as well as the other, for the repeal is predicated upon the validity of the other provisions of the act, which are all parts of the same system. The by-law of the 18th of March, 1841, is also void, as it goes to enforce the by-law of the 8th, and is dependent upon it. Its object is to carry into effect more completely the illegal contract authorized by the preceding by-law; and I think it is wholly void, as its provisions depend upon the validity of the by-law of the 8th of March, and must abide its fate. The landing or selling fish from a boat is not necessarily a nuisance, even in the most populous part of a city. It is only in the cleaning, or by suffering the fish or offal to putrify and become offensive, that it becomes a nuisance. It is, therefore, not necessary to prohibit the landing and sale of fish from boats in order to exercise the power of preventing nuisance. The corporation has power to regulate and establish markets, and under that power may establish a fish market, and prohibit the sale of fish at any other place, but it is not necessary to this purpose that all the fish should be landed at one wharf, and if they establish a fish market they have no right to sell it as a monopoly. It must be for the common benefit of all the inhabitants. If the corporation build a market house they have a right to rent the stalls to reimburse their expenses, but not to give any one man an exclusive right of supplying the market with any particular article. The public convenience, and not the emolument of the corporation, is the object for which the power of establishing markets is given; and it should not be used as the cover of a monopoly. The act of July 11, 1820 [City Laws, p. 118], requires the mayor to designate a site or sites for cleaning fish, and to give public notice thereof, and prohibits the cleaning of fish at any other place. The sites designated by the corporation in its by-law of March 19, 1823, evidently relate to the sites which were required by the by-law of July 11, 1820, and mean sites for cleaning fish, and they are so understood in the by-law of September 20, 1828. It is, therefore, apparent that those by-laws were intended to be in the exercise of the power to prevent nuisances, and not for the purpose of monopoly, and that circumstance distinguishes those by-laws from those which have been recently passed; which, therefore, cannot be considered as only the remodelling of the former. I think this is a case which, from its peculiar circumstances, calls for the aid of equity to prevent a great and perhaps irreparable injury and to restrain the corporation from enforcing the penalties of an illegal by-law, and to prevent a multiplicity of prosecutions and suits which must arise if the parties are left to litigate

at law. I am, therefore, of opinion that the injunction should issue to restrain the corporation from demanding and exacting from the plaintiff any of the penalties mentioned in either of the said by-laws of the 8th and the 18th of March, and from suing for or otherwise recovering the same.

March 27th, 1841, the complainant filed a supplemental bill in which he stated, that after the opinion delivered by the court, the mayor, board of aldermen and common council of the city of Washington, whom he prays to be made defendants hereto, disregarding the said opinion have passed an ordinance of March 26, 1841, which he charges is void and illegal. He prayed that they be subpoenaed to appear and answer; also that the writ of injunction may issue to said defendants, their officers and agents, directing, commanding and enjoining them from executing the said ordinance, and from any interference under said ordinance; and for such other and further relief, &c. The injunction was refused. April 12th, 1841, the complainant filed another supplemental bill, in which he states that a warrant has issued for the penalty under the said ordinance of the corporation, and a judgment has been rendered against him, on which he has appealed, to which appeal he refers, and prays as before, that an injunction be issued; and for such other relief as to the court may seem right. Upon filing the necessary bond a writ of injunction was issued to restrain the defendants from issuing or enforcing any execution or other process upon the judgment for the penalty in this supplemental bill mentioned, until the further order of the court, and from all further prosecution or suit against the said complainant and all other persons who may during the present fishing season, clean fresh fish at the wharf in the occupation of the complainant for thus cleaning them at that place, until further order of the court. Subsequently the bill was dismissed without cost, upon the corporation releasing, as agreed to be done, all actions for penalties supposed to have been incurred under either of the ordinances mentioned in the proceedings.